LEWIS M. & VERA H. BRYAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bryan v. Commissioner
Docket No. 4036-71.
United States Tax Court
T.C. Memo 1974-266; 1974 Tax Ct. Memo LEXIS 54; 33 T.C.M. (CCH) 1189; T.C.M. (RIA) 740266; October 10, 1974, Filed. Lewis M. Bryan, pro se. Edward P. Phillips, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1966 and 1967 in the respective amounts of $1,378.34 and $1,957.43, and an addition to tax of $97.87 for the taxable year 1967 under section 6653(a), Internal Revenue Code of 1954. [1]
Several *55 concessions have been made by the respondent and can be given effect in the Rule 155 computation. Two issues remain for our decision: (1) Whether petitioner Lewis M. Bryan is entitled to a claimed business expense deduction of $15,301.87 for the year 1966; and (2) whether petitioner Lewis M. Bryan earned commissions of $11,504.69 during 1667 instead of $10,611.49 as reported on his Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioners were legal residents of Columbus, Georgia, when they filed their petition in this proceeding. Vera H. Bryan, the wife of Lewis M. Bryan, is a party herein only by virtue of having filed a joint Federal income tax return with her husband. Lewis M. Bryan will be referred to herein as the petitioner. During the calendar year 1965 petitioner was granted a franchise by American Cleaners Equipment Sales (American) which established him as its exclusive sales distributor for Arnold Palmer dry cleaning and laundry equipment in Alabama, Georgia, and portions of Florida. Petitioner headquartered his new business in Columbus, Georgia, where he commenced operations under *56 the name "Bryan Company." Pursuant to the terms of his franchise agreement with American, petitioner received a commission from each sale of equipment equal to 30 percent of the sales price. Customers of the Bryan Company were permitted to finance their purchases with American, but under the terms of the franchise agreement petitioner was deemed secondarily liable for any unpaid balance upon a customer's default. American retained 3 percent of each commission earned by petitioner in a "reserve commission account" from which it would recover all or part of a customer's outstanding balance upon default if petitioner could not remit the balance due. American paid petitioner similar commissions for sales of miscellaneous accessories at the laundry centers and retained a portion of these commissions in his "reserve commission account." Petitioner, as regional distributor, was responsible for installing the machines at each new location within his territory, insuring that the plant was operational, and training employees to operate the machines. All expenses incurred by petitioner while carrying out these duties were borne by him alone, by agreement, and were to be paid out of the *57 commissions paid by American. Petitioner, an ambitious businessman, expended much time, energy, and money in an effort to establish the Bryan Company as a viable business entity. He maintained a small office in Columbus, Georgia, from which he traveled throughout his territory seeking potential purchasers and maintaining contact with customers already under contract. Most of his travel was by automobile, although air travel was required on occasion. Petitioner employed his son, Roger, as a salesman for several months during 1966. After a short time Roger left his father's employment because American granted him an exclusive franchise covering the State of Mississippi. The Bryan Company suffered a major setback during 1967 when the purchaser of an Arnold Palmer dry cleaning center in Fort Walton Beach, Florida, defaulted on its payments to American. Petitioner, who was secondarily liable to American for the outstanding balance, was forced to travel to Florida in an attempt to revive the business and preserve his financial interest. After 5 months of concentrated effort this attempt failed and petitioner sold the Fort Walton Beach plant at a substantial loss. Disenchanted *58 with his line of work, petitioner terminated the Bryan Company's existence in August 1967 and severed all connections with American. Petitioner owned a 1966 Chevrolet which he used partially for business purposes and partially for non-business purposes. The total mileage driven in the automobile in 1966 was approximately 30,000 miles, of which approximately two-thirds, or 19,610 miles, was for business use. Petitioner furnished Roger with an automobile for 9 months in 1966, and is entitled to a depreciation deduction with respect to this automobile during the period from April through June 1966. In 1966, petitioner employed a young lady who was a college student to work in his office part time. He paid her $25 per week for 40 weeks, or a total of $1,000. Petitioner earned a total of $11,504.69 in commissions from American in 1967. The $11,504,69 consisted of $10,611.49 in commissions from the general sale of laundry and dry cleaning equipment and $893.20 in commissions from the sale of signs, backdrops, and miscellaneous accessories. On his return for 1966, petitioner reported gross income in the amount of $17,506.74. All of this was from his business of distributing *59 Arnold Palmer equipment. He claimed business expenses in the total amount of $15,301.87, which are listed on his return as follows: Automobile, plane, gas, oil repairs
$ 4,032.26
Hotel rooms and meals
2,273.81
Office expenses
2,012.09
Telephone
859.84
Office rent
900.00
Commissions paid (Salesman)
3,157.11
Auto depreciation: Chevrolet (12 months)
$1,127.76
Chevrolet (9 months)
939.00 2,066.76
[Total]
$15,301.87
On the basis of petitioner's records, which he submitted to the respondent in 1971, respondent allowed a deduction for business expenses in 1966 in the amount of $8,669.76. This was computed by allowing $1,822.70 for automobile expenses with respect to petitioner's own automobile (based on business travel of 19,610 miles, and allowing 10 cents a mile for the first 15,000 miles and 7 cents a mile for the remaining 4,610 miles); $347.48 for airplane expenses; $1,065.08 for hotel rooms and meals (which is broken down in the statutory notice of deficiency under the headings of "Hotels, meals," "Additional meals and miscellaneous expenses," and "Deaville trip"); $599.36 for telephone expenses; $900 for office rent; *60 and, $3,157.11 for the payment of commissions. Respondent also allowed $778.03 for office and office-related expenses, such as sales manuals and brochures, printing, photography, postage, Chamber of Commerce dues, space shows, and other minor items. OPINION On his Federal income tax return for 1966 the petitioner claimed $15,301.87 as a deduction for business expenses. Respondent allowed a deduction in the amount of $8,669.76 for such business expenses. On brief, respondent has conceded that petitioner is entitled to deduct an additional $313 for automobile depreciation and an additional $1,000 for salary paid to an office employee. Thus, respondent's position is that the total amount of petitioner's business expenses in 1966 is $9,982.76, and the remainder ($5,319.11) is not allowable. Except for petitioner's rather vague and uncorroborated testimony, he has provided us with no evidence that his business expenses for 1966 exceeded the $9,982.76 allowed or conceded by respondent. Petitioner asserts that at one time he possessed sufficient supporting data in the form of records, receipts, and cancelled checks which verified each claimed deduction, but that these records were *61 lost by a moving company in August 1972 when he and Mrs. Bryan moved to Athens, Georgia. Under these circumstances the petitioner's testimony is not the best evidence of what happened in 1966. The most accurate information of his business expenses in that year is the respondent's determination, which is based primarily on records and receipts petitioner provided to respondent in 1971. In short, the petitioner has failed to substantiate all of his claimed business expenses under either section 162 or section 274. Section 274(d) of the Code provides that in order for claimed traveling expenses to be allowed the taxpayer must substantiate "by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * *, (B) the time and place of the travel, [or] entertainment, * * *, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, * * *." Petitioner has not substantiated such expenses in this manner. It is unfortunate that petitioner's records were lost during his move to Athens because this unforeseen loss makes his burden of proof very difficult to meet. The regulations *62 under section 274 offer taxpayers in similar situations some measure of relief, however, by providing that: Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.[Section 1.274-5(c) (5), Income Tax Regs.] Petitioner has provided us with no "reasonable reconstruction of his expenditures" even if we were to find that the circumstances surrounding the loss of his records were beyond his control. Petitioner made an attempt to recover the lost records, but apparently never tried to reconstruct them. We hold that the petitioner is not entitled to a business expense deduction for the taxable year 1966 in excess of $9,982.76. On his Federal income tax return for 1967 the petitioner reported gross income of $10,611.49 rather than $11,504.69. The record shows that petitioner had two sources of income from American, one based on the sale of laundry and dry cleaning equipment, and the other based on *63 the sale of signs, backdrops, and accessories. Respondent contends that on his return for 1967 Bryan reported only the commissions earned from the sale of laundry and dry cleaning equipment, and not the commissions from signs, backdrops, and accessories, thereby omitting $893.20. Respondent points out that a letter written in 1968 by the Senior Order Administrator of American, Mr. G. D. Stacey, states that petitioner's total commissions earned in 1967 were $11,504.69. Except for petitioner's testimony, no evidence was introduced to show that his commission income in 1967 was less than $11,504.69. We think Mr. Stacey's letter, written in 1968 - only one year after the year in question - is better evidence of petitioner's earnings in 1967.Accordingly, we hold that petitioner's gross income for 1967 was $11,504.69. To reflect concessions made by respondent, Decision will be entered under Rule 155. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩